MARY BESEL, AS ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAIL-ROAD COMPANY, APPELLANT.

*Negligence — action against railroad company by one of its employes — Duty of employer to employe.*

The plaintiff's intestate, a servant in the employ of the defendant, in pursuance of instructions given to him, crawled under one of a train of cars standing on what are called the repair tracks at Suspension Bridge in order to repair the same. While so engaged an engine was attached to a portion of the train and started to draw it away from the remaining cars and up a grade which existed at that place. After it had gone a short distance a coupling pin broke and the rear portion of the train ran down the grade, struck the cars under one of which the plaintiff was working and ran over and killed him. After the pin broke, a brakeman who was upon the front part of the moving train, left this portion of it and sought to get upon the cars which were running down the grade to stop them but was unable to do so before the collision. There was no brakeman upon that portion of the train which ran back.

In an action to recover damages for the death of the plaintiff's intestate, *held*, that it was negligence in the defendant not to have a sufficient number of brakemen upon the train, so as to have one upon the rear portion of the train to stop it in case such an accident should occur, and that the plaintiff was entitled to recover.

When the requisite number of men are employed having the requisite degree of skill, and are furnished with suitable and proper instrumentalities to enable them to perform their duties, and the men are so stationed as that they can promptly and effectually perform such duties for the proper protection of their co-employes, the employer has done his duty.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate who was an employe of the defendant. In pursuance of instructions given to him the plaintiff's intestate crawled under one of a train of cars standing on what were called the repair tracks at Suspension Bridge, in order to repair the same. While he was so engaged, an engine was attached to a portion of the train and started to draw it away from the remaining cars and up a grade which existed at that place.

After it had gone a short distance, a coupling pin broke, and the rear portion of the train ran down the grade, struck the cars under one of which plaintiff was working and ran over and killed him.

After the pin broke, a brakeman who was upon the front part of the moving train, left this portion of it and sought to get upon the cars which were running down the grade, to stop them, but was unable to do so before the collision. There was no brakeman upon that portion of the train which ran back.

*Laning & Willett*, for the appellant.

*J. H. Martindale*, for the respondent.

MULLIN, P. J. :

The case presents but two exceptions, and these are to the refusal of the judge to charge as requested by the defendant's counsel.

The first request to charge was, that if the jury should find that defendant had instructed the employes in charge of the switch engine, not to move the cars from the repair track while the car repairers were at work under or about the train, and that such cars were moved from such track by such employes, in violation of such instructions, and without the knowledge or consent of the defendant, then the plaintiff cannot recover.

The second request was to charge that the burden is upon the plaintiff, to establish that defendant had not made proper and suitable rules and regulations for the government of its employes, and for the management of its business, before defendant can be charged with negligence through any want of care on the part of its employes, who do not have general charge of a department of its business. The court refused to charge as requested, and defendant's counsel excepted.

The deceased was in defendant's employ as a car repairer, in its shop at Suspension Bridge. On the morning of the 29th May, 1875, he was employed in repairing a car on the repair track in the yard, it being the practice to place on such track the cars from the trains as they come in, and then to ascertain if any were out of repair, and if so, to proceed and repair them.

As the cars on the eastern end of a train, brought in to be examined and repaired, were repaired, an engine was attached to the cars at that end and they were drawn to a switch, and then distributed to the tracks on which they were afterwards to be sent forward.

The repair track was not level, but rose from west to east on a

grade of some twenty feet to the mile, and down which grade cars, if not prevented, would run by their own weight.

The deceased was engaged in repairing the last car, being the one at the extreme western end of a train of forty-nine cars. To make the repairs, he was under the necessity of getting under the cars, and while there he could not see what was being done to the eastward of him, nor could those employed on the cars to the east see him.

While he was thus employed, an engine was attached to the eastern end of the train and started to draw off such of the cars as had been repaired, leaving cars connected with the car which deceased was engaged in repairing. After the cars had been moved up the grade a short distance, a coupling pin gave way, and the cars, thus let loose, ran down the track, struck the cars connected with the one on which deceased was at work, forced it back, and passed over and killed him.

The negligence imputed to the defendant is, that no brakemen were upon the rear end of the train which was being drawn east by the engine, so that when the coupling pin broke there was no person to apply the brakes to the cars that were separated from the train that was moving east, and they were at liberty to run down and strike the cars standing on the track to the west.

It was the duty of the defendant to cause to be taken all reasonable precautions against just such an accident as the one in question.

The lives of those employed in the repair of the cars were in constant danger, from the descent of cars in that portion of the train which was being moved up the track.

The precaution most likely to be effective was to have brakemen on the moving train, in such numbers and so stationed as to apply promptly the brakes and stop, if possible, the descent of the cars.

There were no brakemen on the rear car; the one who was nearest the end of the train was ordered, as soon as it was discovered that some of the cars had got loose, to get on to them and stop them. For that purpose, the man thus directed leaped on to the cars standing alongside, and ran along the top of them in order to get on to the moving cars, but the collision occurred before he could reach the moving cars.

The question to be decided is, whether defendant was liable for the omission to have brakemen stationed on the rear of the train

being moved up the track, after the train had been separated into two divisions.

The deceased had the right to rely upon the performance, by the defendant, of its duty to protect him. This duty was not performed by merely giving an order to have men employed to perform the duties, necessary to be performed to protect its employes. The company must see that the means to be used are employed judiciously to meet the emergency; and that proper instructions are given, so that those employed are made to understand how and when and where to employ the instrumentalities intrusted to them to manage the engine and cars so as to protect those employed upon them, and who are unable to protect themselves.

When the requisite number of men are employed, having the requisite degree of skill, and are furnished with suitable and proper instrumentalities to enable them to perform their duties, and the men are so stationed as that they can promptly and effectually perform such duties as the proper protection of their co-employes who may be in danger may require, if any accident should happen in the business in which they are engaged, the employer has done his duty. (*Laning* v. *N. Y. C.*, 49 N. Y., 521; *Flike* v. *Boston and Alb. R. R. Co.*, 53 id., 549.)

It was the duty of the defendant not only to have brakemen on the train of cars that were being drawn east, but it was its duty to see that they were so located on the train, as to guard against such accidents as could be anticipated; especially to have them so located that should the cars at the rear of the train get loose, they might be prevented from running back and colliding with cars standing on the track upon which persons might be at work.

If the boss brakeman was the person whose duty it was to see that brakemen were put upon the ascending train, he in the performance of that duty, represented the defendant, and it was liable for his neglect.

If these views are correct, they dispose of the questions discussed in the appellant's points.

The judgment must be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.